The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, Arkansas 72201-1094
Dear Mr. McCuen:
This is in response to your request for an opinion regarding an individual who attempted to file as a candidate of the "Independent Party" during the party primary filing period. In your correspondence, you have set forth the factual basis for this request as follows:
 On Tuesday, March 29, 1994, shortly after 8:00 a.m., an individual presented himself at the table where candidates for election in party primaries must file with the Secretary of State and attempted to file as a candidate of the "Independent Party." Since the Secretary of State has no record of a petition filed on behalf of an "Independent Party," as required by A.C.A. 7-7-203(g), the individual was not allowed to file. In a subsequent conversation with the individual's New York attorney, I was cited to your opinion AG 93-107, wherein you opine that "[t]he supporters of Ross Perot meet the definition of a `political party' and may therefore nominate candidates for United States, state, district or local offices."
In your correspondence, you note that Op. Att'y Gen. No. 93-107
does not refer to an "Independent Party," but rather to "supporters of Ross Perot" and "the Perot supporters." You also indicate that no petition for the formation of an "Independent Party" has been filed with the Secretary of State, which you indicate is required by A.C.A. 7-7-203(g). Finally, you note that the officers of the "Independent Party" have not filed an oath regarding the Communist Party, as required by A.C.A. 7-3-108(b). With regard to this matter, you have asked for an opinion on the following questions:
 1. Is the "Independent Party" a valid political party in Arkansas?
 2. If the answer to question 1 is "yes," can the Secretary of State now accept the filing documents of the person who made a timely attempt to become an "Independent Party" candidate on March 29, 1994?
With regard to your questions, I assume that the "Independent Party" referred to in your correspondence is composed of those persons who are "supporters of Ross Perot" (as they are called in Op. Att'y Gen. No. 93-107) since the New York attorney refers to this office's previous opinion regarding those individuals. If that is the case, it is my opinion, in response to your first question, that the "Independent Party" meets the definition of a "political party" under A.C.A.7-1-101(1)(A) (Repl. 1993) even though the "party" has not filed a petition with your office pursuant to A.C.A.7-7-203(g) (Repl. 1993). It is also my opinion, however, that as the officers of the "Independent Party" have not filed an affidavit regarding the Communist Party, as required by A.C.A.7-3-108(b) (Repl. 1993), the party is not subject to recognition or qualified to participate or permitted to have the names of its candidates printed on the ballot in any election in this state.
In Op. Att'y Gen. No. 93-107, as referenced in your correspondence, this office opined that the supporters of Ross Perot met the definition of a "political party" under A.C.A.7-1-101(1)(A) since Ross Perot polled greater than three percent (3%) of the votes in Arkansas in the 1992 presidential election and that they could therefore nominate candidates for United States, state, district or local offices. It is my opinion that the "Independent Party," assuming it is composed of the "Ross Perot supporters" as referred to in Op. Att'y Gen. No. 93-107, meets the definition of a "political party" under A.C.A. 7-1-101(1)(A), despite the fact that the group has not filed a petition with the Secretary of State pursuant to A.C.A.7-7-203(g). Section 7-7-203(g) provides:
 Any group of voters desiring to form a new political party may do so by filing a petition with the Secretary of State.
 The petition shall contain the signatures of qualified electors of this state equal in number to at least three percent (3%) of the total vote cast for the Office of Governor or nominees for presidential electors, whichever is less, at the last preceding election. The petitions shall be filed with the Secretary of State no later than 12:00 noon on the first Tuesday in the fourth calendar month before the preferential primary election. The petitions shall be circulated during the period beginning one hundred twenty (120) calendar days prior to the deadline for filing the petitions with the Secretary of State. However, this subsection does not apply to preferential presidential primary elections.
This provision, which provides that voters desiring to form a new political party may do so by filing a petition with the Secretary of State, must also be read in conjunction with A.C.A. 7-1-101(1) which provides:
 (1)(A) "Political party" means any group of voters which, at the last-preceding general election, polled for its candidate for Governor in the state or nominees for presidential electors at least three percent (3%) of the entire vote cast for the office; or which files with the Secretary of State a petition signed by qualified electors equal in number to at least three percent (3%) of the total vote cast for the Office of Governor or nominees for presidential electors at the last-preceding election, declaring their intention of organizing a political party, the name of which shall be stated in the declaration, and of participating in the next-succeeding general election.
 (B) Except in preferential presidential primary elections, the petition shall be filed with the Secretary of State not later than 12:00 noon of the first Tuesday in May before the preferential primary election for the general election in which the political party filing the petition desires to participate. No group of electors shall assume a name or designation which is similar, in the opinion of the Secretary of State, to that of an existing political party as to confuse or mislead the voters at an election.
 (C) When any political party fails to obtain three percent (3%) of the total votes cast at an election for the Office of Governor or nominees for presidential electors, it shall cease to be a political party. [Emphasis added.]
In my opinion, section 7-1-101(1)(A), as set forth above, provides two alternative methods by which a group of voters may meet the definition of a "political party": either by polling for its candidate for governor or nominees for presidential electors at least 3% of the votes cast for the position or by filing with the Secretary of State a petition signed by the number or qualified electors who equal in number to at least 3% of the total votes cast for governor or nominees for presidential electors at the last election. See A.C.A.7-7-203(g) (using language almost identical to this section). The use of the word "or" in 7-1-101(1)(A) makes it clear, in my opinion, that either of the methods listed therein are sufficient to qualify a group as a "political party." In this regard, the Arkansas Supreme Court has stated that the first rule in considering the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language and that the word "or," in its ordinary sense, is a disjunctive article that marks an alternative, generally corresponding to "either," as "either this or that." McCoy v. Walker, ___ Ark. ___, ___ S.W.2d ___ (No. 94-96, May 16, 1994). Thus, it is my opinion that, as the "Independent Party" presumably has met the definition of a "political party" because it polled for its nominee for president at least 3% of the entire vote cast for that office, it is unnecessary for the party to file a petition with the Secretary of State, the alternative method provided for in7-1-101(1)(A).
Although the "Independent Party" may constitute a "political party" under A.C.A. 7-1-101(1)(A), it is my opinion that if, as you indicate, the officers of the party have not filed an affidavit pursuant to A.C.A. 7-3-108(b) regarding the Communist Party, the party is not subject to recognition or qualified to participate or permitted to have the names of its candidates printed on the ballot in any election. Section7-3-108(b) provides:
 (b) No newly organized political party shall be recognized or qualified to participate or permitted to have the names of its candidates printed on the ballot in any election in this state until it has filed an affidavit, by the officers of the party in this state under oath that:
 (1) It is not directly or indirectly affiliated by any means whatsoever with the Communist Party of the United States, the Third Communist International, or any other foreign agency, political party, organization, or government; or
 (2) It does not either directly or indirectly advocate, teach, justify, aid, or abet the overthrow by force or violence, or by any unlawful means, of the government of the United States or this state; or
 (3) It does not directly or indirectly carry on, advocate, teach, justify, aid, or abet a program of sabotage, force and violence, sedition, or treason against the government of the United States or this state. The affidavit shall be filed with the Secretary of State, and he shall make any investigation as he may deem necessary to determine the character and nature of the political doctrines of the proposed new party. If he finds that the proposed new party advocates doctrines or has affiliations which are in violation of the provisions of this act, he shall not permit the party to participate in the election. [Emphasis added.]
In my opinion, this provision, which was referred to in footnote one of Op. Att'y Gen. No. 93-107 as a requirement with regard to newly organized political parties, makes it clear that a party which has not complied with its provisions is not subject to recognition and may not participate in any elections. Accordingly, until the "Independent Party" complies with A.C.A. 7-3-108, it may not, in my opinion, have the names of its candidates appear on the ballots in any election.
The answer to your first question renders a response to your second question unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh